UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT WEST CARTER,<br>    *Plaintiff*,<br>        *v.*<br>PATRICK DONAHOE,<br>    *Defendant*. | Civil No. 3:14cv10 (JBA)<br><br>October 22, 2014 |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ADOPTING THE RECOMMENDED ORDER OF DISMISSAL**

Plaintiff Robert West Carter moves [Doc. # 20] for reconsideration of the Court's Order [Doc. # 14] adopting the Recommended Order of Dismissal [Doc. # 13] and the magistrate judge's Ruling [Doc. # 9] denying Plaintiff's Motion for the Appointment of Counsel.[1]  For the reasons that follow, Plaintiff's motion is granted in part.

On January 3, 2014, Mr. Carter, proceeding pro se, brought this employment discrimination action against Defendant Patrick Donahoe, Postmaster General of the United States Postal Service, alleging that he was wrongfully terminated after more than twenty years of "outstanding service" (Compl. [Doc. # 1] at 2) and sought leave to proceed in *forma pauperis* [Doc. # 2] and for the Appointment of Counsel [Doc. # 3].

In her Ruling on Plaintiff's Motion for Leave to Proceed in *Forma Pauperis* and on Plaintiff's Motion for Appointment of Counsel (the "*IFP* Ruling" [Doc. # 9]), Magistrate

---

[1] Plaintiff appealed [Doc. # 17] the Order of dismissal and the denial of appointment of counsel.  The Second Circuit dismissed Plaintiff's appeal for lacking "an arguable basis in law or fact," but directed this Court "to consider whether to treat [Plaintiff's] untimely objection to the recommended order of dismissal . . . as a motion for reconsideration of the district court's order adopting the recommended order." (Mandate [Doc. # 19].)  Following the Second Circuit's Mandate, Mr. Carter filed this Motion [Doc. # 20] for Reconsideration, citing the Second Circuit's directive.

Judge Margolis noted that although Mr. Carter alleged wrongful termination on the basis of his color, religion, age, national origin and disability, he "fail[ed] to allege in his complaint his color, his religion, his age, his national origin, and the nature of his disability." (*IFP* Ruling at 2.)  Mr. Carter was ordered to file an amended complaint by January 31, 2014 "to specifically identify the nature of his complaint and the circumstances that gave rise to his termination" and his motion for appointment of counsel was denied without prejudice.  (*Id.* at 2–3.)  On February 10, 2014, Magistrate Judge Margolis issued the Recommended Order of Dismissal after Plaintiff failed to file an amended complaint as directed.[2]  On February 27, 2014, this Court approved and adopted [Doc. # 14] the Recommended Order of Dismissal absent objection or a motion for extension of time to file an objection.

Later on this same date, Plaintiff's "-Amended Complaint- <Objection to Denial of Counsel, renewed request>" (the "Amended Complaint" [Doc. # 16]), was docketed.  In this handwritten submission, dated February 24, 2014 by Plaintiff and received by the Clerk's Office on February 27, 2014, Mr. Carter wrote that after receiving the Recommended Order of Dismissal on February 13, 2014, he called the Clerk's Office for guidance and was sent the January 14, 2014 *IFP* Ruling, which directed Plaintiff to file an amended complaint.  Although Plaintiff does not explicitly state that he did not receive the *IFP* Ruling when it was issued, construing Plaintiff's pro se pleading liberally, the Court will construe Plaintiff's pleading to contend that he did not receive notice that he

---

[2] Mr. Carter's Motion [Doc. # 2] for Leave to Proceed *in forma pauperis* was granted [Doc. # 8] on the basis of his financial status but the complaint was dismissed under the *IFP* statute, 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

2

was required to file an amended complaint. Thus, the Court will accept Plaintiff's untimely Amended Complaint and also construe it as a motion for reconsideration of the Court's approval and adoption of the *IFP* Ruling denying his Motion for the Appointment of Counsel.

Plaintiff's Amended Complaint alleges that he is "over 50 years old" and suffers from "serious health issues" and that in 2008, he was transferred to a position as a machine operator at a Hartford facility after his position of nineteen years at Bradley Airport was eliminated. (Am. Compl. at 4, 2–3.) Plaintiff's new supervisor was "a tired, angry, ill tempered man," who "harassed verbally" Mr. Carter for months, including by telling him that an "old lady" could do his job better. Mr. Carter alleges that he "was one of the oldest if not the oldest person on that shift" and that "[n]o other clerks were treated in this manner." (*Id.* at 3–4.) Mr. Carter was eventually terminated for "failure to adhere to schedule" and contends that his supervisor had a "spiteful agenda" and "[t]here was a well documented push-on from the Postal Service[']s higher-ups to reduce the workforce" and Plaintiff received several "letters trying to get [him] to retire early." (*Id.* at 5.)

"A *prima facie* case of age discrimination requires that plaintiffs demonstrate membership in a protected class, qualification for their position, an adverse employment action, and circumstances that support an inference of age discrimination." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007). However, in a complaint, "plaintiffs need not plead a *prima facie* case" and "need only comply with Rule 8(a)(2) by providing a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendants fair notice of plaintiffs' claims of age discrimination and the grounds upon which those claims rest." *Id.* "However, even though establishing

a prima facie case of age discrimination is not necessary to survive a motion to dismiss, courts do use the standard as a guidepost when determining whether the plaintiff has provided the defendant with fair notice of her claim, as required by the Federal Rules of Civil Procedure."[3]  *Barker v. UBS AG*, No. 3:09-CV-2084 (CFD), 2011 WL 283993, at *5 (D. Conn. Jan. 26, 2011).  Here, Plaintiff has alleged the first three elements of a prima facie case.  As to the fourth factor, "[d]iscriminatory intent may be derived from a variety of circumstances including employer criticisms of the plaintiff's performance using degrading, age-related terms" and "more favorable treatment of employees not in the protected group."  *Id.*  Plaintiff alleges that he was one of the oldest employees in his unit and that his supervisor singled Mr. Carter out for "harassment" and made age-based derogatory comments to him, such as comparing him to an "old lady" and that Plaintiff received repeated pressure to retire early.  Accordingly, the Court concludes that Plaintiff's Amended Complaint sets forth sufficient factual content to plausibly allege a

---

[3] While a *pro se* plaintiff must satisfy pleading requirements, it "is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'"  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996)).

claim of age-based disparate treatment, hostile work environment, and termination.[4] However, the Amended Complaint still contains no facts plausibly alleging discrimination on the basis of Plaintiff's color, religion, national origin, or disability. (*See IFP* Ruling at 2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Because Plaintiff represents that he did not receive notice of the *IFP* Ruling directing him to file an amended complaint, the Court will accept this untimely Amended Complaint as a Motion [Doc. # 20] for Reconsideration, which is GRANTED in part, restoring Plaintiff's age discrimination claim, and DENIED as to Plaintiff's claims for discrimination on the basis of color, religion, national origin, and disability which remain dismissed. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (motion for reconsideration can be granted to "prevent manifest injustice").

---

[4] Although Plaintiff has included a "renewed request for counsel" in his Motion for Reconsideration, he has not set forth any valid grounds for the Court to reconsider its adoption of Magistrate Judge Margolis's conclusion that "[a]t this early stage in this case" before Defendant has appeared or answered the complaint, "the Court is not in a position to determine whether [P]laintiff's complaint possesses likely merit" such that the discretionary appointment of counsel would be appropriate. (*IFP* Ruling at 3 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003)); *see also Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989) (cautioning against the "routine appointment of counsel").

The Clerk is directed to reopen this case and Plaintiff is directed to effect service of a summons, the Amended Complaint, and this Order on Defendant.[5]

                                                                         IT IS SO ORDERED.

                                                          /s/
                                                       Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of October, 2014.

---

[5] On January 16, 2014, the Clerk's Office sent [Doc. # 11] Plaintiff the USM 205 Form, which must be completed and returned to the Clerk's Office in order for the United States Marshalls Service to be able to serve Defendant.  Plaintiff must complete this form and return it to the Clerk's Office in order to proceed with this case, see Fed. R. Civ. P. 4(m), and can contact the Clerk's Office if he requires an additional copy of this form or other assistance.