UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT WEST CARTER,<br>    *Plaintiff,*<br>    *v.*<br>MEGAN BRENNAN, Postmaster General, United States Postal Service,[1]<br>    *Defendant.* | Civil No. 3:14cv10 (JBA)<br><br>May 4, 2015 |

**RULING GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff originally filed this action on January 3, 2014, at which he time he also sought leave to proceed *in forma pauperis* and moved for appointment of counsel. The case was referred to Magistrate Judge Margolis who ordered [Doc. # 9] Plaintiff to amend his complaint by January 31, 2014 to specify the grounds upon which he claimed he was discriminated. When Plaintiff did not amend his complaint by that date, Judge Margolis recommended dismissal of the case, and the Court adopted [Doc. # 14] that recommended ruling. Mr. Carter appealed the Court's decision, and the Second Circuit, while denying the appeal instructed this Court [Doc. # 21] to consider whether to treat Mr. Carter's objections to the recommended order of dismissal as a motion for reconsideration of the Court's order adopting the recommended ruling. Upon reconsideration, the Court restored [Doc. # 22] Mr. Carter's complaint as to his age discrimination claim under the ADEA only. Defendant now moves [Doc. # 28] to

---

[1] Because Mr. Donahoe officially retired as Postmaster General on February 1, 2014, the Clerk is directed to re-caption this case pursuant to Fed. R. Civ. P. 25(d) ("[W]hen a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending, [t]he officer's successor is automatically substituted as a party.").

dismiss Mr. Carter's restored complaint. For the following reasons, Defendant's motion is granted.

## I. Background

On March 7, 2009, Mr. Carter received a Notice of Removal terminating his employment with the United States Postal Service. (EEOC Appeal Decision, Ex. 1 to Compl. [Doc. # 1] at 1.) He timely grieved his termination, but it was upheld by an arbitrator on June 7, 2010. (*Id.*) On July 21, 2010, Mr. Carter contacted an Equal Employment Opportunity ("EEO") Counselor. (*Id.*) However, because Mr. Carter failed to contact the EEO Counselor within 45 days of his removal, as required by EEOC regulations, the agency dismissed his complaint. (*Id*. at 2.) After that dismissal was upheld by the EEOC on appeal, Mr. Carter filed the instant action, alleging that the Postal Service discriminated against him on the basis of his age.[2]

## II. Legal Standard

A federal government employee claiming a violation of the ADEA may not commence an action in federal court until he exhausts his administrative remedies. *See Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001). "Regulations promulgated by the Equal Employment Opportunity Commission ("EEOC") establish the applicable administrative procedures that a federal employee must exhaust prior to filing suit." *Id.*

> The EEOC regulations require that the aggrieved employee, *inter alia*, (1) consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act, see 29 C.F.R. § 1614.105(a)(1), and, if the matter is not resolved after a mandatory counseling period, (2) file a formal written administrative complaint ("EEO complaint") within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint ("EEO notice"), see id. § 1614.106(a), (b). The employee may then file a civil action (i) within

---

[2] As noted above, all other aspects of Mr. Carter's complaint have been dismissed.

>  90 days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision. See 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.408(a), (b).

*Id.*

### III.  Discussion

Mr. Carter's Notice of Removal was dated March 7, 2009, but he did not initiate contact with an EEO Counselor until July 21, 2010—much more than 45 days later. Mr. Carter apparently argued in his EEOC appeal that his complaint was timely because he contacted an EEO Counselor within 45 days of learning the results of his arbitration hearing. (EEOC Appeal Decision at 2.) However, courts have been clear that while "the statutory requirement for filing [within 45 days] is analogous to a statute of limitations and is, therefore, considered subject to waiver, estoppel, and equitable tolling," *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996), "the pendency of a grievance . . . does not toll the running of the limitations period," *Rosario v. Potter*, No. 07CIV5891 (SCR) (GAY), 2009 WL 3049585, at *2 (S.D.N.Y. Sept. 23, 2009). *See also Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 236 (1976) (holding that the statute of limitations prescribed by the EOCC is not tolled by grievance or arbitration procedures under a collective bargaining agreement); *Rice v. Scudder Kemper Investments, Inc.*, No. 01 CIV. 7078 (RLC), 2003 WL 1846934, at *2 (S.D.N.Y. Apr. 8, 2003) ("[I]t is well settled that the choice to invoke a contractually created right to arbitrate a dispute does not toll the statute of limitations for . . . the ADEA."). In other words, the 45-day clock began to run when Mr. Carter was fired in March 2009, not when his termination was upheld by the arbitrator in June 2010.

Moreover, there is nothing in the record to indicate that equitable tolling is appropriate here. "Equitable tolling applies where a plaintiff can show that he (1) has 'acted with reasonable diligence during the time period [ ]he seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.'" *Wahab v. Estee Lauder Companies, Inc.*, No. CV 12-3932 (SJF) (AKT), 2014 WL 4904592, at *12 (E.D.N.Y. July 17, 2014) *report and recommendation adopted*, No. 12-CV-3932 (SJF) (AKT), 2014 WL 4906511 (E.D.N.Y. Sept. 30, 2014) (quoting *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003)). There is no allegation in this case however that "Plaintiff acted with reasonable diligence in pursuing his discrimination claim or that extraordinary circumstances prevented him from filing his claim." *Id.*

Because Mr. Carter failed to initiate contact with an EEO Counselor within 45 days of his March 2009 termination and equitable tolling is not appropriate, his claim was untimely. Having filed an untimely claim with the EEOC, Plaintiff is prohibited from now filing that claim in federal court.[3] *See id.* ("Because Plaintiff's charge with the EEOC was not timely filed, his federal claims are time-barred and must be dismissed."); *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996) ("Under the regulations in effect at the time of Briones' dismissal, for a federal employee's administrative discrimination complaint to have been timely filed, he was required to bring the matter to the attention of an EEO counselor within 30 calendar days[4] of the date of the alleged discriminatory event, or of

---

[3] Because Mr. Carter's claim is time-barred due to his failure to comply with EEOC regulations, the Court need not reach the contested issue of whether Mr. Carter filed his complaint within ninety days of the EEOC's final decision.

[4] "On April 10, 1992, the EEOC amended its regulations to extend the time limit to 45 days, effective October 1, 1992." *Briones*, 101 F.3d at 290 n.1.

the date that he knew or should have known of the discriminatory event. Accordingly, failure to bring a claim within the 30-day period ordinarily would have precluded a plaintiff from pursuing a discrimination claim in federal court.").

## IV. Conclusion

For the foregoing reasons, Defendant's Motion [Doc. # 28] to Dismiss is GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of May, 2015.